UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INSTITUTE OF INSPECTION, CLEANING AND RESTORATION CERTIFICATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TEXTILE CONSULTANTS, INC.,<br><br>　　　　　　　Defendant. | CASE NO. C13-5695 BHS<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiff Institute of Inspection, Cleaning and Restoration Certification's ("IICRC") motion to remand (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 22, 2013, IICRC filed a complaint in the Clark County Superior Court for the State of Washington. Dkt. 1, ¶ 2. IICRC alleges Defendant Textile Consultants, Inc. ("Textile") breached several contracts between the parties. Dkt. 1, Exh. 1 ("Comp").

1  On August 18, 2013, Textile removed the matter to this Court. Dkt. 1.

2  On September 12, 2013, IICRC filed a motion to remand. Dkt. 9. IICRC argues
3  that remand is appropriate because the forum selection clause in the contract provides
4  that "Venue for any action under this Agreement shall be in Clark County, Washington,
5  U.S.A." *Id*. On October 7, 2013, Textile responded. Dkt. 11. On October 11, 2013,
6  IICRC replied. Dkt. 12.

7  **II. DISCUSSION**

8  A mandatory forum selection clause is enforceable unless the resisting party can
9  establish its unreasonableness by showing that "trial in the chosen forum would be so
10  difficult and inconvenient that the party effectively would be denied a meaningful day in
11  court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th
12  Cir. 1984) (citing *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 18 (1972)). With regard
13  to the forum at issue, Congress has explicitly stated that "Court for the Western District
14  of Washington shall be held at Bellingham, Seattle, Tacoma, and Vancouver." 28 U.S.C.
15  § 128. The Ninth Circuit has held "that a forum selection clause that vests 'exclusive
16  jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal
17  courts located in that county." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir.
18  2011).

19  In this case, venue for federal court is provided for in Clark County, Washington.
20  Although as a practical matter jury trials must be held in Tacoma, the Court is unaware of
21  any exception to federal jurisdiction based on the practical limitations of the building
22  located in a specifically identified city.

### III.  ORDER

Therefore, it is hereby **ORDERED** that IICRC's motion to remand (Dkt. 9) is **DENIED.**

Dated this 28th day of October, 2013.

                                                      BENJAMIN H. SETTLE
                                                    United States District Judge